IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 13-cv-02136-WJM-BNB

MIKE BARTOWSHESKI,

Plaintiff,

v.

HEARING OFFICER LT. TOPLISS,
SOTMP THERAPIST KRISTY STAYSELL,
SOTMP THERAPIST TOM NELSON, and
SOTMP DIRECTOR CHARLES OLIN,

Defendants.
_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
AND ORDER**
_____

This matter is before me on the following:

(1)  The defendants' **Motion to Dismiss Pursuant to Fed.R.Civ.P. 12(b)(6) and/or for Summary Judgment** [Doc. #16, filed 11/25/2013] (the "Defendants' Motion"); and

(2)  **Plaintiff's Motion for Cross-Summary Judgment Pursuant to Fed.R.Civ.P. 12(b)(6) and/or 56** [Doc. #30, filed 01/13/2014] (the "Plaintiff's Response").

I respectfully RECOMMEND that the Defendant's Motion be GRANTED.  Further, the plaintiff's cross-motion is structured solely as a response to the Defendant's Motion, and I construe it as such.

**I. STANDARD OF REVIEW**

The plaintiff is proceeding *pro se*, and I must liberally construe his pleadings.  Haines v. Kerner, 404 U.S. 519, 520-21 (1972).  I cannot act as advocate for a *pro se* litigant, however,

who must comply with the fundamental requirements of the Federal Rules of Civil Procedure. Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

In ruling on a motion for summary judgment, the facts must be viewed in the light most favorable to the party opposing the motion and that party must be afforded the benefit of all reasonable inferences to be drawn from the evidence. Adickes v. S. H. Kress & Co., 398 U.S. 144, 157 (1970). Summary judgment shall be rendered "if the movant shows that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

The moving party bears the initial burden of demonstrating by reference to portions of pleadings, discovery and disclosure materials on file, and any affidavits, the absence of genuine issues of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). "The moving party may carry its initial burden either by producing affirmative evidence negating an essential element of the nonmoving party's claim, or by showing that the nonmoving party does not have enough evidence to carry its burden of persuasion at trial." Trainor v. Apollo Metal Specialties, Inc., 318 F.3d 976, 979 (10th Cir. 2002).

The party opposing the motion is then required to go beyond the pleadings and designate evidence of specific facts showing that there is a genuine issue for trial. Celotex, 477 U.S. at 324. Only admissible evidence may be considered when ruling on a motion for summary judgment. World of Sleep, Inc. v. La-Z-Boy Chair Co., 756 F.2d 1467, 1474 (10th Cir. 1985).

## II.  BACKGROUND

The plaintiff currently is incarcerated by the Colorado Department of Corrections ("DOC") at the Colorado Territorial Correctional Facility ("CTCF").  He filed his Amended Prisoner Complaint on September 13, 2013 [Doc. #9] (the "Complaint").  The Complaint contains the following allegations:

1.  Defendants Staysell and Nelson are therapists in the DOC's Sex Offender Treatment Program ("SOTP").  *Complaint*, p. 5.[1]

2.  Staysell and Nelson classified the plaintiff as SOTP non-compliant.  As a result, the plaintiff's non-compliance was reported to the Parole Board; the plaintiff lost his "OCA" job; he has been excluded from the Incentive Pod; he has been denied placement in Community Corrections; and he has been denied placement in a lower level facility.  Id. at pp. 5, 7.

3.  In May 2013, defendant Topless denied the plaintiff administrative review of his sex offender classification.  Id. at p. 5.

4.  On June 28, 2013, defendants Staysell and Nelson denied the plaintiff administrative review of his sex offender classification.  Id.

5.  The plaintiff signed an OCA job contract in 2008.  In 2011, SOTP Director defendant Olin changed the OCA job contract to require SOTP compliance, and he "made it retroactive to everyone that had a Sex Offense in the past."  Id. at p. 8.

In Claims One and Two, the plaintiff asserts that he has a liberty interest in not being labeled as a sex offender, and Staysell, Nelson, and Topless denied his due process rights when

---

[1] I cite to the page numbers of the Complaint and Plaintiff's Response as they are assigned by the court's docketing system.

they denied him administrative review of his sex offender classification. Id. at pp. 5-7. Claim Three is a breach of contract claim against defendant Olin. Id. at p. 8. The plaintiff seeks administrative review of his sex offender classification; reinstatement to his job; a favorable recommendation to the Parole Board; and "his name cleared of all accusations" by the SOTP therapists. He also seeks compensatory damages and attorneys fees.[2] Id. at p. 10.

### III. ANALYSIS

This action is brought under 42 U.S.C. § 1983, which provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State, . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.

The defendants argue that the plaintiff fails to state a claim for violation of his due process rights. *Defendants' Motion*, pp. 5-7. The Due Process Clause prohibits the government from depriving a person of life, liberty, or property without prior notice and an opportunity for a hearing. Cleveland Board of Education v. Loudermill, 470 U.S. 532, 542 (1985). "To invoke the protections of procedural due process, a plaintiff must establish the existence of a recognized property or liberty interest." Setliff v. Memorial Hosp. of Sheridan County, 850 F.2d 1384, 1394 (10th Cir. 1988) (citing Board of Regents of State Colleges v. Roth, 408 U.S. 564, 569 (1972)). In the context of a sex offender classification, the courts have found a liberty interest where

---

[2]Any other claims the plaintiff may be attempting to assert are unintelligible and will not be recognized. See Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991) (stating that "[t]he broad reading of the plaintiff's complaint does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based").

4

labeling a prisoner as a sex offender *is coupled with* the "coercive element" of conditioning parole eligibility or receipt of good time credits on completion of a sex offender treatment program.  Beierle v. Zavares, 215 F.3d 1336, 2000 WL 757725, *4 (10th Cir. June 12, 2000); Chambers v. Colorado Dept. of Corrections, 205 F.3d 1237, 1242 (10th Cir. 2000) (stating that the DOC had not created a liberty interest in the plaintiff's *not* being classified as a sex offender; the liberty interest was implicated when the DOC removed the plaintiff's earned time credits). See also Gwinn v. Awmiller, 354 F3d 1211, 1216 (10th Cir. 2004) (stating that damage to an inmate's reputation by labeling him as a sex offender, without more, is not sufficient to implicate the Due Process Clause).

The process required to classify a prisoner as a sex offender has been described as follows:

> An inmate who has been convicted of a sex crime in a prior adversarial setting, whether as the result of a bench trial, jury trial, or plea agreement, has received the minimum protections required by due process.  Prison officials need do no more than notify such inmate that he has been classified as a sex offender because of his prior conviction for a sex crime.

Neal v. Shimoda, 131 F.3d 818, 831 (9th Cir. 1997) (cited with approval in Chambers, 205 F.3d at 1243).  In addition:

> [A]n inmate who has not previously been convicted of a sex offense may be classified as a sex offender for purposes of a prison treatment program only if the prison affords him the procedural protections . . . set forth in [Wolff v. McDonnell 418 U.S. 539 (1974)]: notice of the charges, an opportunity to present witnesses and evidence in defense of those charges, and a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action. . . . Additionally, in order to comport with due process, there must be some evidence to support the hearing panel's decision . . . and the decisionmaker must be impartial.

Gwinn, 354 F.3d at 1218-19.

Here, it is undisputed that the plaintiff was classified as a sex offender following an administrative hearing that took place in the fall of 2000. *Defendants' Motion*, pp. 5-6 and Ex. A-2; *Plaintiff's Response*, p. 3. Due process does not require a mechanism for reconsideration of that classification. Murphy v. Heil, 381 Fed. Appx. 828, 832 (10th Cir. 2010) (holding that an inmate who is classified as a sex offender following a hearing that comports with the requirements of due process is not entitled to reconsideration of his classification at some later date).

The plaintiff claims that the hearing in 2000 "was never an Impartial Hearing." *Plaintiff's Response*, p. 3. The defendants argue that any challenge to the due process afforded at the 2000 hearing is barred by the statute of limitations. *Defendants' Motion*, pp. 7-8.

Actions asserted under 42 U.S.C. § 1983 are subject to the general personal injury limitation period of the state in which the action arose. Hunt v. Bennett, 17 F.3d 1263, 1265 (10th Cir. 1994). The appropriate statute of limitation for §1983 actions arising in Colorado is two years. Id. at 1266; Colo.Rev.Stat. § 13-80-102. Federal law rather than state law determines when a cause of action accrues. See Industrial Constructors Corp. v. United States Bureau of Reclamation, 15 F.3d 963, 968 (10th Cir. 1994). "The statute of limitations begins to run when the plaintiff knows or has reason to know of the existence and cause of the injury which is the basis of his action." Id. at 969. "A civil rights action accrues when facts that would support a cause of action are or should be apparent." Fratus v. Deland, 49 F.3d 673, 675 (10th Cir. 1995).

The plaintiff received notice of the decision to classify him as a sex offender on November 29, 2000. *Defendants' Motion*, Ex. A-1, second consecutive page. Therefore, insofar

as the plaintiff is challenging his initial classification as a sex offender, the statute of limitations began to run on November 29, 2000. Absent tolling, the limitation period expired on November 29, 2002. The plaintiff does not argue or demonstrate that he is entitled to tolling. The plaintiff did not initiate this case until August 2013 [Doc. #1]. The plaintiff's challenge to his classification as a sex offender is barred by the statute of limitations.

The plaintiff argues that he did not know of his injury until after his OCA job was taken away. *Plaintiff's Response*, p. 4. However, because "the injury in a § 1983 case is the violation of a constitutional right, such claims accrue when the plaintiff knows or should know that his or her constitutional rights have been violated." Smith v. City of Enid ex rel. Enid City Comm'n, 149 F.3d 1151, 1154 (10th Cir . 1998) (internal quotations and citation omitted). As in Smith, "the constitutional injury, the injury which triggers the statute of limitations for purposes of § 1983, occurred when [the plaintiff was denied an impartial hearing], not when the consequence of that constitutional injury . . . manifested itself." 149 F.3d at 1154.

The plaintiff is not entitled to reconsideration of his sex offender classification, and the statute of limitation prevents him from challenging the 2000 administrative hearing. Accordingly, the defendants are entitled to summary judgment on Claims One and Two.

Claim Three asserts a state law claim for breach of contract. This court may decline to exercise supplemental jurisdiction over the plaintiff's state law claim when it has "dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Because the plaintiff's

constitutional claims are barred, I recommend that the court decline to exercise supplemental jurisdiction over Claim Three.[3]

## IV. CONCLUSION

I respectfully RECOMMEND that the defendants' Motion to Dismiss Pursuant to Fed.R.Civ.P. 12(b)(6) and/or for Summary Judgment [Doc. #16] be GRANTED.[4]

Further, IT IS ORDERED that Plaintiff's Motion for Cross-Summary Judgment Pursuant to Fed.R.Civ.P. 12(b)(6) and/or 56 [Doc. #30] is construed as a response to the Defendant's Motion.

Dated May 13, 2014.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

---

[3] As a result of my determination that the plaintiff's claims must be dismissed on the foregoing grounds, I do not address the defendants' remaining arguments.

[4] Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have 14 days after service of this recommendation to serve and file specific, written objections. A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed. R. Civ. P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. In re Key Energy Resources Inc., 230 F.3d 1197, 1199-1200 (10th Cir. 2000). A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review. United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996).