IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Civil Action No. 13-cv-2136-WJM-BNB

MIKE BARTOWSHESKI,

    Plaintiff,

v.

TOPLESS, Hearing Officer LT.,
CHARLES OLIN, SOTP Director,
TOM NELSON, SOTP Therapist(s);, and
KRISTY STAYSELL, SOTP Therapist(s),

    Defendant.

**ORDER ADOPTING RECOMMENDATION OF MAGISTRATE JUDGE**

Plaintiff Mike Bartowsheski ("Plaintiff") brings this case *pro se* against Hearing Officer Lt. Topless, Therapist Kristy Staysell, Therapist Tom Nelson, and Charles Olin (the "Defendants"), claiming violations of his due process rights under 42 U.S.C. § 1983. This matter is before the Court on the May 13, 2014 Recommendation by U.S. Magistrate Judge Boyd N. Boland (the "Recommendation") (ECF No. 36) that Defendants' Motion to Dismiss and/or Motion for Summary Judgment (the "Defendants' Motion") (ECF No. 16) be granted. The Recommendation is incorporated herein by reference. *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b). For the reasons set forth below, the Recommendation is adopted in its entirety.

**I. BACKGROUND**

Plaintiff is an inmate of the Colorado Department of Corrections ("CDOC"), incarcerated at the Colorado Territorial Correctional Facility ("CTCF"). (ECF No. 36 at

3.) Defendant Olin is the director of the CDOC's Sex Offender Treatment Program ("SOTP"). (ECF No. 9 at 1.) Defendants Staysell and Nelson are therapists and Defendant Topless is a hearing officer in the SOTP. (*Id.* at 5.)

Plaintiff's operative Complaint was filed on September 13, 2013. (ECF No. 9.) In Claims One and Two of the Complaint, Plaintiff asserts that he has a liberty interest in not being labeled as a sex offender, and that his due process rights were violated when Defendants Staysell, Nelson, and Topless denied him administrative review of his sex offender classification. (*Id.* at 5.) Claim Three is a breach of contract claim against Defendant Olin. (*Id.* at 6.)

On November 25, 2013, Defendants filed a Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) and/or for Summary Judgment. (ECF No. 16.) Plaintiff responded on January 13, 2014, by way of a Motion for Cross-Summary Judgment Pursuant to Fed. R. Civ. P. 12(b)(6) and/or 56 ("Plaintiff's Motion"). (ECF No. 30.) Defendants did not submit a Reply, but instead submitted a Response to Plaintiff's Motion. (ECF No. 34.)

On May 13, 2014, the Magistrate Judge issued his Recommendation that Plaintiff's Motion be construed as a response to Defendants' Motion[1] and that Defendants' Motion be granted. (ECF No. 36.) On June 25, 2014, Plaintiff filed an Objection to the Recommendation (the "Objection"). (ECF No. 40.) Plaintiff objects to the Recommendation in its entirety, claiming that the Court has denied Plaintiff the right

---

[1] Neither party specifically objects to the part of the Recommendation that recommends construing Plaintiff's Motion as a response to Defendants' Motion, and the Court agrees that this is the proper approach.

to discovery to determine what evidence Defendants used to classify him as a sex offender. (ECF No. 40 at 1-2.)

## II. LEGAL STANDARD

When a magistrate judge issues a recommendation on a dispositive matter, Federal Rule of Civil Procedure 72(b)(3) requires that the district court judge "determine de novo any part of the magistrate judge's [recommendation] that has been properly objected to." Fed. R. Civ. P. 72(b)(3). In conducting its review, "[t]he district court judge may accept, reject, or modify the [recommendation]; receive further evidence; or return the matter to the magistrate judge with instructions." *Id*. Here, Plaintiff filed a timely Objection to the Magistrate Judge's Recommendation. *See* Fed. R. Civ. P. 72(b)(2). Therefore, this Court reviews the issues before it *de novo*.

Since the Court must consider matters outside of the pleadings in resolving Defendants' Motion, it will treat Defendants' Motion as one for summary judgment. *See Zumbrun v. Hartford Life & Acc. Ins. Co.*, 2007 WL 2340502, at *1 (D. Colo. Aug. 14, 2007) ("[I]f a court does not exclude the matters presented that are outside the pleadings, a motion to dismiss pursuant to Rule 12(b)(6) shall be treated as a motion for summary judgment.").

Summary judgment is appropriate only if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Henderson v. Inter-Chem Coal Co., Inc.*, 41 F.3d 567, 569 (10th Cir. 1994). Whether there is a genuine dispute as to a material fact depends upon whether the evidence presents a sufficient

disagreement to require submission to a jury or conversely, is so one-sided that one party must prevail as a matter of law. *Anderson v. Liberty Lobby*, 477 U.S. 242, 248-49 (1986); *Stone v. Autoliv ASP, Inc.*, 210 F.3d 1132 (10th Cir. 2000); *Carey v. U.S. Postal Serv.*, 812 F.2d 621, 623 (10th Cir. 1987).

A fact is "material" if it pertains to an element of a claim or defense; a factual dispute is "genuine" if the evidence is so contradictory that if the matter went to trial, a reasonable party could return a verdict for either party. *Anderson*, 477 U.S. at 248. The Court must resolve factual ambiguities against the moving party, thus favoring the right to a trial. *Houston v. Nat'l Gen. Ins. Co.*, 817 F.2d 83, 85 (10th Cir. 1987).

In addition, Plaintiff is proceeding *pro se*; thus, the Court must liberally construe his pleadings. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). The Court, however, cannot act as advocate for Plaintiff, who must still comply with the fundamental requirements of the Federal Rules of Civil Procedure. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

### III. ANALYSIS

Plaintiff was classified as a sex offender following an administrative hearing in 2000. (ECF Nos. 16 at 5-6, 16-2.) In 2013, Plaintiff sought reconsideration of his classification as a sex offender, but his request was denied. (ECF No. 9 at 5.) Plaintiff now alleges that this denial violated his due process rights. (*Id.* at 6-5.) The Magistrate Judge found that Plaintiff does not have a due process right to reconsideration of his sex offender status. (ECF No. 36 at 5-6.) The Court agrees. "Just as there is no federal due process right to appeal a final judgment in a state criminal case (absent a

statute affording such a right), an inmate in state prison does not have a constitutional right to appeal his sex offender classification in a prison administrative proceeding." *See Murphy v. Colo. Dep't of Corr.*, 381 F. App'x 828, 832 (10th Cir. 2010) (internal citation omitted).

The Magistrate Judge also found that, to the extent that Plaintiff seeks to challenge his initial classification as a sex offender, the statute of limitations has expired. (ECF No. 36 at 6-7). The Court agrees with this conclusion as well. The appropriate statute of limitations for Plaintiff's § 1983 action is two years. *See* C.R.S. § 13-80-102*; Hunt v. Bennett*, 17 F.3d 1263, 1266 (10th Cir. 1994). "Section 1983 claims accrue, for the purpose of the statute of limitations, when the plaintiff knows or has reason to know of the injury which is the basis of his action." *Hunt*, 17 F.3d at 1266 (citation omitted). Here, the statute of limitations began to run on November 29, 2000 when Plaintiff received notice of the decision classifying him as a sex offender. (ECF No. 16-2 at 2.) Absent tolling, the limitations period expired on November 29, 2002. Because Plaintiff did not seek review of his classification or initiate this case until 2013 and makes no tolling argument,[2] his challenge to his classification as a sex offender is

---

[2] In Plaintiff's Objection, he argues that defendants' actions were continuous violations of his constitutional rights and that, therefore, the continuing violation theory should apply. (ECF No. 40 at 4.) "Under this doctrine, a plaintiff may avoid the statute of limitations when the defendant has acted pursuant to a pattern or longstanding policy or practice of constitutional violations." *Mercer-Smith v. N.M. Children, Youth & Families Dep't*, 416 F. App'x 704, 712 (10th Cir. 2011). The Tenth Circuit has held, however, that the "doctrine of continuing violations does not apply to § 1983 claims." *Id.*

barred by the statute of limitations.[3]

The Magistrate Judge also recommends declining to exercise supplemental jurisdiction over Plaintiff's state law claim for breach of contract. (ECF No. 36 at 7 (citing 28 U.S.C. § 1367(c)(3)).) The Court agrees with this Recommendation. The law is clear that, it federal claims are dismissed before trial, leaving only issues of state law, the federal district court should ordinarily decline to exercise supplemental jurisdiction by dismissing the case without prejudice. *Brooks v. Gaenzle*, 614 F.3d 1213, 1229 (10th Cir. 2010) (citing *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988)). The only claim remaining in this case is for breach of contract, which is a state law claim. A federal court does not have independent jurisdiction over state law claims unless those state law claims "turn on substantial questions of federal law." *Grable & Sons Metal Prods., Inc. v. Darue*, 545 U.S. 308, 312 (2005). Here, the state law claim does not turn on questions of federal law. Therefore, the Court declines to exercise supplemental jurisdiction over the remaining claim.

Accordingly, Plaintiff's Objection to the Recommendation is OVERRULED, the Magistrate Judge's Recommendation that Defendants' Motion to Dismiss be granted is

---

[3] The Magistrate Judge was unpersuaded by Plaintiff's argument that he did not have knowledge of his injury until 2011 when he lost his prison job because of his non-compliance with SOTP. (ECF No. 19 at 5.) The Court finds that this reasoning is sound. Since this is a civil rights action, the injury that is the base of Plaintiff's claim is the violation of some constitutional right, not the physical, mental, or other harm that may have been occasioned by the violation. *Hawkinson v. Montoya*, 2010 WL 420047, at *3 (D. Colo. Feb. 2, 2010) *aff'd*, 385 F. App'x 836 (10th Cir. 2010). Since the injury in a § 1983 case is the violation of a constitutional right, such claims accrue when a plaintiff knows or should have known that his constitutional right has been violated. *See Smith v. City of Enid ex rel. Enid City Comm'n*, 149 F. 3d 1151, 1154 (10th Cir. 1998). In this case, the alleged constitutional injury that triggered the statute of limitations occurred in 2000. Accordingly, the statute of limitations expired in 2002.

ACCEPTED, and Defendants' Motion to Dismiss is GRANTED.

## IV. CONCLUSION

For the reasons set forth above, the Court ORDERS as follows:

1. The Court ADOPTS the Recommendation (ECF No. 36);

2. Plaintiff's Objection (ECF No. 40) to the Magistrate Judge's May 13, 2014 Recommendation is OVERRULED;

3. Defendants' Motion to Dismiss and/or Motion for Summary Judgment (ECF No. 16) is GRANTED;

4. The Clerk shall enter judgment for Defendants and close the case; and

5. The Parties shall bear their own costs.

Dated this 21st day of July, 2014.

BY THE COURT:

William J. Martinez
United States District Judge